Strasser, Asatrian, Asatrian & Syme LLP
Martin V. Asatrian, ESQ.
1135 Broad Street, Suite 211
Clifton, New Jersey 07013
Telephone: 973-472-6767
Facsimile: 973-777-9409
ATTORNEYS FOR PLAINTIFF

RECEIVED-CLERK
U.S. DISTRICT COURT

2006 JUN 23 P 12: 36

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION: PASSAIC COUNTY
DOCKET NO. PAS-L-2017-06

| | |
|---|---|
| ANGELA KHOROZIAN, | : |
| Plaintiff, | : |
| | : Civil Action 06 cv 2798 (WHW) |
| v. | : |
| | : |
| HUDSON UNITED BANCORP, TORONTO-DOMINION BANK, AND ITS SUBSIDIARY TD BANKNORTH INC., AND/OR EMPLOYEES, AGENTS, BANK OFFICERS, BOARD MEMBERS, MEMBERS OF THE ADVISORY BOARD, AND SHAREHOLDERS (ALL OF WHICH WILL BE NAMED AT A LATER TIME) JOHN DOES 1-100, XYZ CORPS (1-100), JOINTLY, SEVERALLY COLLECTIVELY, | : **NOTICE OF FILING OF THE NOTICE OF REMAND TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY** |
| Defendants. | : |

TO:   Clerk, Superior Court of New Jersey
      Law Division, Passaic County
      Passaic County Courthouse
      77 Hamilton Street
      Paterson, New Jersey 07505

      Steven A. Muhlstock
      Pitney Hardin LLP
      200 Campus Drive
      Florham Park, N.J. 07932-0950

PLEASE TAKE NOTICE that on June 23, 2006, the undersigned attorney for plaintiff, Angela Khorozian, submitted for filing in the United States District Court for the District of New Jersey a Notice of Remand, pursuant to 28 U.S.C. § 1447 of the foregoing matter.

PLEASE TAKE FURTHER NOTICE that true copies of Notice of Remand and certification of service and a filing of Notice of Remand (without the exhibits thereto) are attached hereto as exhibits A and B, respectfully, and are served and filed herewith pursuant to 28 U.S.C. § 1447.

                    Strasser, Asatrian, Asatrian & Syme LLP
                    Attorneys for Plaintiff
                    1135 Broad Street, Suite 211
                    Clifton, New Jersey 07013

By: _____
      MARTIN V. ASATRIAN
      A Member of the Firm

DATED: June 23, 2006



Strasser, Asatrian, Asatrian & Syme LLP
Martin V. Asatrian, ESQ.
1135 Broad Street, Suite 211
Clifton, New Jersey 07013
Telephone: 973-472-6767
Facsimile: 973-777-9409
ATTORNEYS FOR PLAINTIFF

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANGELA KHOROZIAN, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 06cv2798(WHW) |
| | : |
| HUDSON UNITED BANCORP, TORONTO-DOMINION BANK, AND ITS SUBSIDIARY TD BANKNORTH INC., AND/OR EMPLOYEES, AGENTS, BANK OFFICERS, BOARD MEMBERS, MEMBERS OF THE ADVISORY BOARD, AND SHAREHOLDERS (ALL OF WHICH WILL BE NAMED AT A LATER TIME) JOHN DOES 1-100, XYZ CORPS (1-100), JOINTLY, SEVERALLY COLLECTIVELY, | : **NOTICE OF REMAND** |
| Defendants. | : |

**OPPOSITION TO DEFENDANTS' NOTICE OF MOTION OF REMOVAL**

Pursuant to 28 U.S.C. § 1447 et seq., by and through the undersigned attorneys, Strasser, Asatrian, Asatrian & Syme LLP, hereby oppose the removal of this action to the United States

District Court for the District of New Jersey. As grounds for opposition of removal, plaintiff moves to remand the case to state court for the following reasons set forth below:

Plaintiff's counsel does not dispute the allegations set forth in paragraphs one through three of defendants' motion to remove. It is important to note however, that paragraph four of defendants' motion to remove, Defense Counsel stated, "...no hearings or other proceedings have taken place in this action to the knowledge of TD Banknorth." As a matter of clarification there exists proceedings that are still pending relating to this case before the Third Circuit involving U.S. v. Khorozian. See Khorozian v. United States USCA Docket No:. 05-4687. For that reason, there are other proceedings that are pending before the Third Circuit Court which was appealed from the New Jersey District Court on a 28 U.S.C. 2255 motion for which a panel of judges are reviewing the certificate of appealability and there is no decision to date on the appeal.

1. The New Jersey District Court does not have original jurisdiction pursuant to 28 U.S.C. 1332 (a)(1) which states in pertinent part that District Courts should have original jurisdiction of all civil actions where the amount in controversy exceeds the sum of $75,000 exclusives of interest and cost and is between (1)(citizens of different states).

2. It is undisputed that Angela Khorozian, the plaintiff, is a citizen of the state of New Jersey and resides in Alpine, NJ. Therefore she is a citizen of the state of New Jersey.

3. Hudson United Bank, who is a named defendant in this case, and for which the causes of action are against is an entity that conducts its principal place of business in the State of New Jersey. Hudson United Bank is headquartered in Mahwah, New Jersey and the entity that the plaintiff has numerous causes of action against. TD Banknorth at the time the cause of action

arose had not acquired Hudson United Bancorp. Plaintiff was a customer of Hudson United Bank and not a customer of TD Banknorth at the time the cause of action arose.

4. The Bank Officers that were employed and handled Plaintiff's account worked and paid taxes in the State of New Jersey. Members of the Board of Directors of Hudson United Bank were employed in the State of New Jersey and paid taxes in the State of New Jersey. Plaintiff opened her account in the Hudson United Bank which is located in North Haledon, New Jersey, in the County of Passaic. The case was properly filed in Passaic County where the cause of action arose and where Hudson United Bank conducted business. In fact, at the time the cause of action arose, Hudson United Bank owned a high rise building located across from the Passaic County Courthouse.

5. It is fair to state that Hudson United Bank's customers in North Haledon are predominantly residents of New Jersey and particularly citizens of Passaic County. It is also fair to state that Angela Khorozian never had any dealings with TD Banknorth, a bank, that is a Delaware Corporation and is Headquartered in Maine. Angela Khorozian intended on dealing with Hudson United Bank which is headquartered in Mahwah, New Jersey. TD Banknorth acquired Hudson United Bank five years after the causes of action arose, simply, acquiring and merging with Hudson United Bank in the year 2005 does not give rise to pure diversity jurisdiction.

6. The case at bar involves the plaintiff and bank officers from Hudson United Bank and agents of Hudson United Bank which is located in North Haledon, New Jersey. Two Hudson United Bank directors were added to the TD Banknorth board. It is undisputed that TD Banknorth, a banking and financial services company, is the successor by merger to Hudson United Bancorp (Hudson United Bank).

7. Defendants' counsel relies heavily on the fact that TD Banknorth is a Delaware corporation with its principle place of business in Portland, Maine, to satisfy the diversity of citizenship requirement. Defendants' counsel is mistaken that diversity of citizenship may be obtained in district court for the facts set forth above. It is clear that Hudson United Bancorp and Angela Khorozian, the plaintiff, are parties of the state of New Jersey. TD Banknorth's acquisition of Hudson United Bancorp took place after this cause of action arose. Just because Hudson United Bancorp was acquired by an out of state corporation several years after the cause of action arose, defendant's have no grounds for removal and the facts they alleged fail to constitute pure diversity jurisdiction.

8. Therefore, diversity of citizenship does not exist merely by the fact that TD Banknorth merged and is the successor of Hudson United Bancorp. The essence of the opposition is that the state court is the proper venue to adjudicate this case for the following reasons: the plaintiff is a citizen of New Jersey, Hudson United Bancorp is an entity that is headquartered in New Jersey, the bank officers are residents of New Jersey, the advisory board members for Hudson United Bancorp are residents of New Jersey, and the agents of Hudson United Bancorp are residents of New Jersey. More importantly, the plaintiff, Angela Khorozian, has appealed a 28 U.S.C. 2255 motion from New Jersey District Court Judge Walls, which is pending in the Third Circuit Court of Appeals and has not been adjudicated. See Khorozian v. United States USCA Docket No:. 05-4687.

9. Plaintiff has appealed to the U.S. Court of Appeals Third Circuit, pursuant to judge Walls' order denying the 28 U.S.C. 2255 motion filed by the plaintiff. The order was appealed on September 23, 2005 with the United States District Court in Newark, New Jersey. A certificate of appealability has been filed with the Third Circuit Court which has been referred to

the Third Circuit panel for review and is therefore pending and the adjudication has not been finalized. As a practical matter, there is at least one New Jersey District Court Judge that cannot hear this case and may also include other Judges as well. Judge Walls presided over the criminal case and denied plaintiff relief on the 2255 motion in 2005 which is pending in the 3rd Circuit Court.

10. Defense counsel states that this action is removable to the United States District Court, however, without any basis in law or fact, clearly this action can be litigated in state court in particular Passaic County where the cause of action arose. It is also important to note that there is no federal question in this action and defense counsel is seeking to remove the case to New Jersey District Court for which they have knowledge that the plaintiff has been convicted by a jury presided by Judge Walls and realize that this may give them a strategic advantage, a psychological advantage, and otherwise prejudice the plaintiff. Defense counsel are merely using diversity jurisdiction that does not exist to prejudice the plaintiff by having her go back to the same district court that convicted her on facts relating to the case at bar (again the matter is pending in the Court above). The important fact that needs to be highlighted is that that conviction is being reviewed by the Third Circuit court and there is a possibility that that conviction may be overturned by the Third Circuit Court or the matter will have to be petitioned to the United States Supreme Court if the requirements are satisfied for review. On the other hand, defense counsel will not be prejudiced whatsoever in litigating this case in Passaic County. TD Banknorth has countless branches in New Jersey including Passaic County and they should defend in the very same state for which they are doing business.

11. Conversely, the common facts in this case have been litigated in New Jersey District Court and are presently under appeal to the Third Circuit. It is plaintiff's counsel's

position that the defense counsel fails to satisfy the diversity of citizenship requirement and is using removal as merely gamesmanship. They have adequate and highly capable counsel to litigate this case in any county in the State of New Jersey and TD Banknorth is not going to be prejudiced in litigating this case in the same state where they conduct business transactions with countless citizens of the State of New Jersey. They are already one of the largest existing banks in the State of New Jersey. It is also important to note that plaintiff's counsel objects on the record to the removal of this case to the New Jersey District Court and would like to preserve the objection for appeal.

WHEREFORE, plaintiff gives notice that the above-described action against defendants in the Superior Court of New Jersey, Law Division, Passaic County, remains in that Court. And asks that the motion for removal is denied on the grounds that no pure diversity jurisdiction exists and on additional grounds that the removal will prejudice the plaintiff for the reasons set forth above, moreover, TD Banknorth is a multi-billion dollar company that can adequately defend themselves in the very county that they do extensive business in, and, thus the motion for remand is granted.

                                      Strasser, Asatrian, Asatrian & Syme LLP
                                      Attorneys for Plaintiff
                                      1135 Broad Street, Suite 211
                                      Clifton, New Jersey 07013

By: _____
                                      MARTIN V. ASATRIAN
                                      A Member of the Firm

DATED: June 23, 2006

RECEIVED-CLERK
U.S. DISTRICT COURT

2006 JUN 23  P 12: 36

Strasser, Asatrian, Asatrian & Syme LLP
Martin V. Asatrian, ESQ.
1135 Broad Street, Suite 211
Clifton, New Jersey 07013
Telephone: 973-472-6767
Facsimile: 973-777-9409
ATTORNEYS FOR PLAINTIFF

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANGELA KHOROZIAN, | : |
| Plaintiff, | : |
| | : Civil Action No. 06CV2798 (WHW) |
| v. | : |
| | : |
| HUDSON UNITED BANCORP, TORONTO-DOMINION BANK, AND ITS SUBSIDIARY TD BANKNORTH INC., AND/OR EMPLOYEES, AGENTS, BANK OFFICERS, BOARD MEMBERS, MEMBERS OF THE ADVISORY BOARD, AND SHAREHOLDERS (ALL OF WHICH WILL BE NAMED AT A LATER TIME) JOHN DOES 1-100, XYZ CORPS (1-100), JOINTLY, SEVERALLY COLLECTIVELY, | : **CERTIFICATION OF SERVICE AND OF FILING OF NOTICE OF REMAND PURSUANT TO 28 U.S.C. § 1447** |
| Defendants. | : |

MARTIN V. ASATRIAN, of full age, upon his oath, hereby certifies as follows:

1. I am an attorney-at-law of the State of New Jersey and a member of the firm of Strasser, Asatrian, Asatrian & Syme LLP, attorneys for plaintiff Angela Khorozian.

2. On June 23, 2006, I caused a Notice of Remand of this matter to be forwarded by hand delivery for filing with the Clerk of the United States District Court for the District of New Jersey. A true copy of the Notice of Remand (without the exhibits thereto) is attached hereto as Exhibit A.

3. On June 23, 2006, I also caused to be forwarded by hand delivery for filing with the Superior Court of New Jersey, Law Division, Passaic County of Notice of Filing of the Notice of Remand to the United States District Court for the District of New Jersey (the "Notice of Filing"). A true copy of the Notice of Filing (without the exhibits thereto) is attached hereto as Exhibit B.

4. On June 23, 2006, I also caused to be served upon all adverse parties of record a copy of the Notice of Remand and the Notice of Filing by sending copies by Federal Express addressed as follows:

Pitney Hardin LLP
P.O. Box 1945
Morristown, NJ 07962-1945

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me is willfully false, I am subject to punishment.

_____
MARTIN V. ASATRIAN
A Member of the Firm

DATED: June 23, 2006